UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY JOE BARBER, III,

    Plaintiff,

v.

BREMERTON POLICE DEPARTMENT,

    Defendant.

CASE NO. 3:24-cv-05618-BHS-DWC

ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE

Plaintiff Danny Joe Barber, III, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint (Dkt. 1-1) under 28 U.S.C. § 1915A, the Court declines to serve the complaint and, instead, orders Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim and under the doctrine put forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

## I. BACKGROUND

Plaintiff, who is currently incarcerated at Kitsap County Jail, initiated this civil rights action concerning his arrest by an officer for the Bremerton Police Department on May 30, 2024. Dkt. 1-1 at 5. Though Plaintiff captions his complaint as against the Bremerton Police Department, he identifies his arresting officer as the sole defendant in this action. *Id.* at 1–2.

ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE - 1

The precise nature of Plaintiff's claim is difficult to decipher, and his factual allegations are brief. All told, Plaintiff's factual allegations are that he was "arrested under false pretenses," and, in effectuating the allegedly unlawful arrest, the Defendant handled Plaintiff's bicycle in such a way that it was potentially damaged. *Id.* at 5. For injuries suffered, Plaintiff states he has experienced "night terrors" and headaches following his arrest. *Id.* As relief, Plaintiff requests that the Court review any relevant body camera footage of his arrest. *Id.* He also requests his bike be assessed and that he be paid for any necessary repairs. *Id.* Finally, Plaintiff requests a mental health evaluation following his release from custody and an additional sum of $40,000 in damages. *Id.*

## II.    SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE - 2

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the Court should dismiss the complaint as frivolous and without leave to amend. 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (claims properly dismissed as frivolous under the PLRA are "those claims whose factual contentions are clearly baseless" and "claims describing fantastic or delusional scenarios").

## III.  DISCUSSION

As noted above, 42 U.S.C. § 1983 provides a cause of action for constitutional deprivations proximately caused by "persons" while "acting under color of state law." *West*, 487 U.S. at 48. Thus, the first step in pleading a § 1983 claim is to identify the specific constitutional right infringed, and step two is to identify a proper defendant responsible for the alleged constitutional violation. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As will be explained below, the Court finds Plaintiff's complaint is deficient on both steps and in a manner not likely to be cured through amendment.

**A.    Step One: Failure to Identify an Actionable Constitutional Violation**

To start, Plaintiff does not label his claim or identify the specific constitutional right he believes was violated. Nevertheless, it appears Plaintiff is attempting to bring a Fourteenth Amendment procedural due process claim based on potential damage to his personal property. Dkt. 1-1 at 5. Plaintiff may also be attempting to challenge the legality of his arrest, which he

ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE - 3

says was based on "false premises." *Id.* Even under these liberal constructions, both versions of Plaintiff's claim are deficient.

*Personal Property Claim.* The Due Process Clause protects individuals from deprivations of protected interests without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and individuals generally have a protected interest in their personal property, *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). Generally, only an authorized and intentional deprivation of property will violate the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This is because an unintentional or unauthorized deprivation of property is not actionable if a meaningful post-deprivation remedy for the loss is available under state law. *Id.* at 534.

Here, it appears Plaintiff is alleging the Defendant damaged his personal property in an intentional and *unauthorized* manner. Dkt. 1-1 at 5 (alleging his property was damaged during an arrest based on false pretenses). And the State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property under common law tort theories. *Wash. Rev. Code* § 4.96.010; *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986) (citing *Franklin v. State Welfare Division,* 662 F.2d 1337, 1345–46 (9th Cir. 1981)). Thus, to the extent Plaintiff alleges he was deprived of his personal property due to the Defendant's unauthorized conduct, the availability of an adequate post-deprivation remedy under Washington state law prevents him from stating a viable claim for relief.

Plaintiff's claim is also deficient to the extent he alleges the deprivation of his property was authorized. Authorized deprivations of property may be permissible if the deprivation furthers a legitimate governmental interest. *Turner v. Safley,* 482 U.S. 78, 89 (1987). Moreover, authorized deprivation of property incident to arrest has been found permissible where adequate post-deprivation remedies are available. *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir.

2009) (holding that conversion of arrestee's legally seized property was not actionable under the due process clause where state tort law provided adequate post-deprivation remedy).

As the availability of adequate post-deprivation remedies prevents Plaintiff from stating a cognizable due process claim, the Court finds it unlikely Plaintiff will be able to cure this deficiency by amending his pleadings.

*Unlawful Arrest Claim.* A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is, in part, because the proper mechanism for obtaining federal judicial review of a state-court conviction is not a § 1983 action, but rather a petition for a writ of habeas corpus filed after state judicial remedies have been exhausted under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Even where a civil-rights plaintiff merely wishes to pursue damages and does not seek to challenge the legality of his conviction, *Heck* still requires the Court to consider whether a favorable decision would call into question the validity of his state-court conviction. Thus, "[t]he critical question under *Heck* is a simple one: Would success on the plaintiff's § 1983 claim 'necessarily imply' that his conviction was invalid?" *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018) (quoting *Heck*, 512 U.S. at 487).

Here, the answer to this question is very likely "yes." Plaintiff alleges he was arrested on false pretenses, which is akin to the *Heck* barred claims addressed in *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006). In that case, the Circuit Court explained that claims alleging wrongful arrest, malicious prosecution, and conspiracy to bring false charges all rested on the idea that the plaintiff was "innocent of the crimes for which he was convicted." *Guerrero*, 442 F.3d at 703.

As a result, none could be brought under § 1983 unless and until the *Guerrero* plaintiff's underlying conviction was invalidated. *Id.* at 705.

So too here: unless Plaintiff can demonstrate the conviction associated with his allegedly unlawful arrest has been invalidated, the Court finds it unlikely Plaintiff will be able to proceed with an unlawful arrest claim in this action. Instead, any such claim is likely barred by *Heck* and may not be pursued under § 1983 unless and until Plaintiff can demonstrate his underlying conviction has been invalidated.

**B.   Step Two: Official Capacity vs. Individual Capacity § 1983 Claim**

Next, Plaintiff identifies his arresting officer as the sole defendant in this action and indicates the Defendant is sued in his official capacity. Dkt. 1-1 at 2. Plaintiff fails to identify an official policy or practice that would permit him to sue the Defendant in his official capacity. Rather, given Plaintiff's allegation that the Defendant arrested him on false pretenses, it appears Plaintiff is attempting to sue the Defendant for actions taken in his individual capacity.

When a § 1983 claim is brought against an individual defendant in their official capacity, the real party in interest for that claim is the government entity for which they work, not the individual named. *See Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) ("[A] suit against a state official in his official capacity is no different from a suit against the State itself.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). To state a claim against a municipal employee in their official capacity, a § 1983 plaintiff must identify a municipal policy or practice that was the moving force behind the alleged constitutional injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Thus, an official capacity § 1983 claim cannot be premised on conduct that is unauthorized by—or contrary to—an official policy, practice, or custom.

For individual capacity claims, however, the causation element is satisfied if a plaintiff demonstrates that an individual defendant caused their alleged injury by committing an affirmative act, by participating in another's affirmative act, or by failing to perform a legally required act. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Here, Plaintiff indicates he is suing the Defendant in his official capacity, which means the real party in interest for Plaintiff's claim is the Defendant's employer (*i.e.*, the City of Bremerton). Dkt. 1-1 at 2. However, Plaintiff fails to identify any official policy or practice that was the moving force behind his alleged injuries. As such, he has failed to state a claim against the Defendant in his official capacity.

Even if the Defendant were sued in his individual capacity, the step-one deficiencies discussed above still prevent Plaintiff from stating a cognizable § 1983 claim. Stated differently, it is not enough for Plaintiff to allege that the Defendant was personally involved in causing him harm; Plaintiff must also demonstrate that the alleged harm is actionable under § 1983. As Plaintiff has failed to do so, he must show cause why the Court should not recommend dismissal of his complaint.

### IV.   INSTRUCTIONS TO PLAINTIFF

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. Instead, if Plaintiff intends to pursue this § 1983 civil rights action, he must show cause why his due process claim should not be dismissed for failure to state a claim.[1] He must also show cause why his unlawful arrest claim should not be dismissed under the *Heck* doctrine.

---

[1] Dismissal of one or more claims for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

Alternatively, Plaintiff may choose to voluntarily dismiss this action under Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Dated this 3rd day of September, 2024.

*David W. Christel*
United States Magistrate Judge