UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY JOE BARBER, III,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>BREMERTON POLICE DEPARTMENT,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05618-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 22, 2024 |

Plaintiff Danny Joe Barber, III, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this civil rights action under 42 U.S.C. § 1983. Given the deficiencies in his complaint, and Plaintiff's failure to comply with a court order and to properly prosecute, the undersigned recommends this action be dismissed.

The relevant procedural background shows that, on September 3, 2024, the Court issued an order screening and declining to serve Plaintiff's complaint. Dkts. 6, 7.[1] The Court identified several deficiencies that made the complaint unserviceable and ordered Plaintiff to show cause

---

[1] Initially, the complaint was docketed as a "proposed complaint" attached to Plaintiff's IFP application. Dkt. 1-1. After IFP status was granted, the Clerk's Office entered the complaint in a separate docket entry. Dkt. 7. Although the complaint's separate docket entry appears on the docket after the Court's order declining service, it is not a new filing by Plaintiff. *See id.* at 1 (stamped as received on July 29, 2024).

REPORT AND RECOMMENDATION - 1

1  why this action should not be dismissed. Dkt. 6. In particular, the Court construed Plaintiff's

2  unlabeled claims as a personal property claim and an unlawful arrest claim. *Id* at 3–4. The Court

3  outlined the deficiencies in each claim and directed Plaintiff to show cause (1) why his personal

4  property claim should not be dismissed for failure to state a cognizable claim and (2) why his

5  unlawful arrest claim should not be dismissed for failure to state a cognizable claim and under

6  the doctrine put forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Id.* at 3–7.

7      After thirty days passed with no response received from Plaintiff, the Court again ordered

8  Plaintiff to show cause why this action should not be dismissed for failure to properly prosecute

9  in addition to the previously identified reasons. Dkt. 8. Plaintiff was advised that failure to

10  respond to the Court's second show cause order by October 17, 2024, would result in a

11  recommendation this action be dismissed for failure to state a claim, as barred by the *Heck*

12  doctrine, and for failure to comply with a court order. *Id.* Plaintiff was further advised that

13  dismissal of one or more of his claims on the first of these grounds would constitute a "strike"

14  under 28 U.S.C. § 1915(g). *Id.* The deadline to respond to the Court's second show cause order

15  has now elapsed with no response received from Plaintiff.

16      Accordingly, the undersigned recommends Plaintiff's personal property claim be

17  dismissed for failure to state a claim and his unlawful arrest claim be dismissed without

18  prejudice as *Heck* barred. This action should also be dismissed for failure to properly prosecute

19  and for failure to comply with a court order.

20      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

21  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

22  Report and Recommendation is signed. Failure to file objections within the specified time may

23  affect your right to appeal. Objections should be noted for consideration on the District Judge's

24

REPORT AND RECOMMENDATION - 2

motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 22, 2024**.

Dated this 7th day of November, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3